### R. B. SEMLER, Inc., v. KIRK.
### No. 9421.

District Court, E. D. Pennsylvania.

Jan. 5, 1938.

Hirsh W. Stalberg, of Philadelphia, Pa., for plaintiff.

Kennard N. Ware, Howson & Howson, all of Philadelphia, Pa., for defendant.

MARIS, District Judge.

This is a suit in equity brought by the owner of a trade-mark seeking an injunction against alleged trade-mark infringement and unfair competition. From the evidence I make the following special findings of fact:

The plaintiff is a New York corporation and the defendant is a resident and citizen of the State of Pennsylvania doing business in Philadelphia under the trade name Franklin Sales Company.

The plaintiff has been engaged since 1930 in the business of manufacturing under a secret formula a hair tonic which it has sold under the trade-mark Kreml. Ernst Schaufler, the plaintiff's predecessor in the business, was engaged in it from 1911 to 1930. The hair tonic is sold and the trade-mark Kreml used by the plaintiff in interstate commerce.

The plaintiff is the present owner by assignment of the trade-mark Kreml which was registered in the United States Patent Office on November 13, 1928, and a certificate of registration No. 249,390 issued to plaintiff's predecessor, Ernst Schaufler. Plaintiff's product, which is widely advertised and sold, is composed of two immiscible liquids, a clear colorless liquid which comprises about 90% of the total volume and a yellow oily liquid which floats on the top of the other. The product is marketed by the plaintiff in sixteen ounce bottles only.

For some years the defendant has purchased sixteen ounce bottles of plaintiff's

product in the original packages as put out by the plaintiff and has rebottled the Kreml hair tonic by transferring the contents of the purchased bottles to other bottles. In some cases the product has been rebottled by the defendant in sixteen ounce bottles and in other cases in eight ounce bottles. Where the defendant has used sixteen ounce bottles he has merely transferred all of the contents of one of plaintiff's sixteen ounce bottles into another bottle of the same size. Where he has rebottled into eight ounce bottles he has attempted to divide the contents of one of plaintiff's sixteen ounce bottles into two eight ounce bottles, but in doing so it appears that in many cases he has not been able to maintain in each eight ounce bottle the original proportions of the two liquids of which the product is composed.

Prior to the institution of this suit the defendant, in rebottling plaintiff's product, used labels upon his bottles which simulated and were deceptively and confusingly similar to the labels used by the plaintiff on its bottles. Since the granting of the preliminary injunction in this case, however, the defendant has discarded those labels and has used labels which comply entirely with the terms of the preliminary injunction.

In this suit the plaintiff complains that the defendant has competed unfairly with it and infringed its rights in the trademark Kreml. The complaints which it pressed at the trial may be classified as, first, the use by the defendant upon its bottles of labels similar in appearance to those of the plaintiff, including the open and prominent use of the word Kreml; second, the rebottling by the defendant of plaintiff's product in any manner, and, third, the rebottling by the defendant of plaintiff's product in such a way as to cause changes in the composition of the product. These complaints we will consider in order:

■ First. Prior to the filing of the bill the defendant had been using on his bottles a label on which the word Kreml appeared in large letters of a type quite similar to that used by the plaintiff on its bottles. This court on May 26, 1936, upon the plaintiff's motion, granted a preliminary injunction restraining the defendant from continuing that use of plaintiff's trademark. The injunction expressly provided, however, that it should not prevent the defendant from rebottling and reselling the plaintiff's product purchased by him and from stating that fact upon his labels in substantially these words: "Genuine Kreml, rebottled by Franklin Sales Company, not connected with makers of Kreml." The injunction required every word in this statement to be in letters of the same size, color, type and general distinctiveness and lettering, and directed the defendant to make no use of the word Kreml except as part of this statement. Following the issuance of the preliminary injunction the defendant changed his labels to conform thereto and has not used any of the former labels since that time. He conceded at the trial that the preliminary injunction was properly granted and agreed that it might be made permanent. It is, therefore, clear that plaintiff is entitled to this much relief.

■ Second. The plaintiff urges that it is also entitled to have the defendant restrained altogether from rebottling its product without its consent. It is a sufficient answer to this contention, however, to say that the Supreme Court in Prestonettes, Inc., v. Coty, 264 U.S. 359, 44 S. Ct. 350, 351, 68 L.Ed. 731, definitely held that the purchaser of a trade-marked product has the right by virtue of his ownership to compound or change what he bought, to divide either the original or the modified product, to sell it so divided, and in so doing to use the trade-mark as a part of an inscription to describe the origin of the product, provided it is not used in different letters from the rest of the inscription. In that case Mr. Justice Holmes said:

"But when it in no way stands out from the statements of facts that unquestionably the defendant has a right to communicate in some form, we see no reason why it should not be used collaterally, not to indicate the goods, but to say that the trade-marked product is a constituent in the article now offered as new and changed. As a general proposition there can be no doubt that the word might be so used. If a man bought a barrel of a certain flour, or a demijohn of Old Crow whisky, he certainly could sell the flour in smaller packages or in former days could have sold the whisky in bottles, and tell what it was, if he stated that he did the dividing up or the bottling. And this would not be because of a license implied from the special facts but on the general ground that we have stated. It seems to us that no new

right can be evoked from the fact that the perfume or powder is delicate and likely to be spoiled, or from the omnipresent possibility of fraud. If the defendant's rebottling the plaintiff's perfume deteriorates it and the public is adequately informed who does the rebottling, the public, with or without the plaintiff's assistance, is likely to find it out. And so of the powder in its new form."

Conceding that Prestonettes, Inc. v. Coty, supra, supports the defendant's position, the plaintiff argues that it has been overruled by Old Dearborn Distributing Co. v. Seagram Corp., 299 U.S. 183, 57 S. Ct. 139, 81 L.Ed. 109, 106 A.L.R. 1476. That case, however, related only to the constitutional validity of the Fair Trade Act of Illinois, Smith-Hurd Stats. c. 121½ § 188 et seq., which permitted the vendor of a trade-marked article to contract with the buyer against the resale of the article except at the price stipulated. What the court decided was that a State might by statute confer such a right upon the vendor of a trade-marked article. The court, however, did not suggest that such a right existed under the common law. In fact it pointed out that in Dr. Miles Medical Co. v. Park & Sons Co., 220 U.S. 373, 31 S.Ct. 376, 55 L.Ed. 502, it had expressly held to the contrary. That the court did not intend to overrule the Prestonettes case was clearly indicated by Mr. Justice Sutherland, when he said (299 U.S. page 195, 57 S.Ct. page 145, 81 L.Ed. 109, 106 A.L.R. 1476): "There is nothing in the act to preclude the purchaser from removing the mark or brand from the commodity—thus separating the physical property, which he owns, from the good will, which is the property of another—and then selling the commodity at his own price, provided he can do so without utilizing the good will of the latter as an aid to that end."

The court thus indicated that even the act there under consideration did not affect the right of a purchaser to do what the defendant has done in this case provided he does so without utilizing the good will of the manufacturer. The Prestonettes case is authority for the proposition that in the absence of a statutory prohibition the use of the trade-mark to the extent authorized in the preliminary injunction granted in this case is not an improper utilization of the good will of the trade-mark proprietor. No statute is relied on in this case and it, therefore, follows that the rebottling operations of the defendant may not be totally restrained at the instance of the plaintiff provided the defendant's labels conform to the rule laid down in the Prestonettes case and reflected in the preliminary injunction which was granted in this case.

Third. The plaintiff argues, however, that with respect to the rebottling of Kreml from its sixteen ounce bottles into the defendant's eight ounce bottles the product is so changed in composition as no longer to be in fact plaintiff's Kreml. It is doubtless true, as plaintiff contends, that the value of its product Kreml lies not only in its ingredients but also in the proportions in which they are introduced into the product. In view of the rather substantial variation in the proportions of the two immiscible liquids of plaintiff's product found in defendant's eight ounce bottles I have concluded that there is merit in this contention of the plaintiff. In view of the immiscible character of the two liquids it is obviously quite difficult for the defendant by the process he uses to transfer the contents of one of plaintiff's sixteen ounce bottles into two eight ounce bottles in such a way as accurately to preserve the proportions of the two liquids as they appear in plaintiff's product. Unless this is done, however, it is obvious that the resulting product is not Kreml but at best but a distortion of it. I accordingly conclude that plaintiff is entitled to have the defendant restrained from using the word Kreml even to describe the origin of the rebottled product contained in such of his bottles as are of smaller capacity than those in which the product was contained when it was purchased by the defendant.

The defendant is entitled to rebottle and sell plaintiff's Kreml hair tonic purchased by him.

The defendant is not entitled to use the trade-mark Kreml upon his labels except as a part of the following inscription: "Genuine Kreml, rebottled by Franklin Sales Company, not connected with the makers of Kreml," and then only in letters of the same size, color, type and general distinctiveness and lettering as the other words of the inscription.

The defendant is not entitled to use the trade-mark Kreml in any form upon bottles containing plaintiff's product in which in the course of rebottling the plaintiff's proportion of ingredients has not been preserved.

The defendant is not entitled to use the word Kreml even to describe the origin of the rebottled product contained in such of his bottles as are of smaller capacity than those in which the product was contained when it was purchased by the defendant.

The plaintiff is entitled to a decree granting a perpetual injunction restraining the defendant from the use of the trademark Kreml except to the extent hereinabove indicated, with costs.

A decree may be entered accordingly.